

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Eastern Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 3:22-mj-71 |
| JULIO CESAR ALVARADO DUBON ) | |
| , ) | |
| ) | |
| Defendant. | |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Derek M. Mullins, being duly sworn, depose and say:

1. I am a Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed since September 2019. Prior to that, I was employed as a Postal Inspector with the United States Postal Inspection Service (USPIS) from April 2015 to September 2019. Prior to becoming a Postal Inspector, I was employed by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") from August 2008 to April 2015. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigators Training Program and the U.S. Immigration and Customs Enforcement Academy's ICE Special Agent Training Program. Prior to my employment with HSI and USPIS, I was a Deputy Sheriff with the Wise County Sheriff's Department in Wise County, Virginia from 2005 to 2008. I have received training in various aspects of federal law enforcement, including the investigation of narcotics and firearms related offenses, as well as numerous other federal and state offenses. I have participated in multiple investigations, seizures, and search warrants which

1

have resulted in criminal arrests, seizures, and prosecutions. I have also been the affiant on search, arrest, and seizure warrants that have resulted in successful arrests, seizures, and prosecutions.

2. My duties as a Special Agent for ICE include, but are not limited to, investigating violations of the Immigration and Nationality Act, United States Customs laws, and the Federal Criminal Code.

3. The facts and information contained in this affidavit are based upon my personal knowledge as well as the observations of other agents involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation.

4. This affidavit contains information necessary to support probable cause for this application. This affidavit is not intended to include each and every fact and matter observed by me or known to the Government.

5. This affidavit is made in support of a criminal complaint charging that on or about July 1, 2022, in Richmond, Virginia, within the Eastern District of Virginia, Julio Cesar ALVARADO DUBON (ALVARADO), who is illegally and unlawfully present in the United States, did possess a firearm, in violation of Title 18, United States Code, Section 922(g)(5).

6. On July 1, 2022, while investigating a tip line report, Officers from the Richmond Police Department (RPD) encountered ALVARADO at 3112 Columbia Street, Richmond, Virginia. Officers identified themselves and requested permission to enter the residence. ALVARADO opened the door and allowed Officers to enter his residence.

7. While inside the residence, Officers immediately noticed two handgun magazines and one round of rifle ammunition on a television stand in the living room. After seeing the magazines

and rifle rounds, Officers asked ALVARADO if there were any firearms or other individuals in the residence. ALVARADO advised there were no other individuals in the residence, and an officer proceeded to perform a protective sweep to ensure there were no other individuals in the residence. As the officer did so, he saw what he thought was the same or similar firearm as mentioned in the tip in ALVARADO's bedroom. ALVARADO stated that the item the officer saw was an "air rifle" and proceeded to the bedroom with the officer.

8. Once inside ALVARADO's bedroom, ALVARADO identified the location of two firearms in the room. He gestured toward his closet where there was a Radical Firearms, Model RFS 15 Rifle, serial number RFS04385 (manufactured in Texas). ALVARADO also gestured toward a dresser drawer where the officer located a Glock 26 Gen 5, 9mm Luger, semiautomatic pistol, serial number: ADNF440 (manufactured in the countries of Austria and Slovakia, and in the State of Georgia in the United States). Additionally, when the officer asked ALVARADO for identification, he gestured toward an expired Guatemalan passport and valid Visa which were also in the bedroom. The Officer later found another rifle in another bedroom in the residence.

9. ALVARADO confirmed that he had purchased all three firearms.

10. Officers contacted Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) agents to determine the legal status of ALVARADO to determine whether or not he could legally possess a firearm. HSI Richmond Special Agents conducted records and indices checks on ALVARADO and determined that he had last entered the United States on a B2 non-immigrant visa on or about August 31, 2014, and overstayed his visa by more than seven years.

11. Based on the records checks conducted by HSI and the discovery of three firearms in the residence, two of which were found in ALVARADO's bedroom, Officers arrested

3

ALVARADO for possession of a firearm by a prohibited person in violation of Virginia statute 18.2-308.2.

12. On July 5, 2022, HSI Special Agents spoke with a representative from the Virginia Department of Game and Inland Fisheries (VDGIF). VDGIF confirmed that ALVARADO did not possess a valid Virginia Hunting license, nor had he ever applied for one.

13. On July 6, 2022, HSI Special Agents interviewed ALVARADO at the Richmond City Jail in Richmond, Virginia. ALVARADO was read his *Miranda* Rights in the Spanish language and agreed to speak with law enforcement officers without his attorney present. During the interview, ALVARADO stated that he purchased the two rifles from a yard sale near Fredericksburg, Virginia, in approximately March 2022.

14. A review of ICE records indicate that ALVARADO entered the United States on or about February 9, 2014, on a valid multi-entry, B2 non-immigrant visa in Miami, Florida. A multi-entry visa has an extended expiration date and allows the individual to enter the United States multiple times throughout the life of the visa. Upon valid entry, United States Customs and Border Protection (CBP) Officers determine an allotted time for the visa holder to remain in the United States before they must depart. The timeframe is based upon the purpose of travel, proof of accommodations, and other factors. The allotted timeframe is provided to the visa holder via form I-94 and is also stamped in their visa.

15. ALVARADO was granted a two month stay in the United States by the United States Customs and Border Protection (CBP) and the departure date was stamped into his visa. Based on the provided departure date, ALVARADO purchased an airline ticket to leave the United States via American Airlines flight AA2432 on or about March 31, 2014. American Airlines flight

manifest records indicate that ALVARADO did not board the airline though he was obliged to leave the United States at that time.

16. ALVARADO purchased an airline ticket to leave the United States via American Airlines flight AA2431 again on or about April 26, 2014. American Airlines flight manifest records indicate that ALVARADO did not board the airline. It is apparent that ALVARADO did depart the United States sometime before July 22, 2014, however there are no travel records to indicate how he did so.

17. On July 22, 2014, ALVARADO entered the United States via the Los Tomates port of entry near Harlingen, Texas. It is apparent that ALVARADO did depart the United States sometime before August 31, 2014, however there are no travel records to indicate how he did so..

18. On August 31, 2014, ALVARADO entered the United States on a valid multi-entry, B2 non-immigrant visa in Miami, Florida. ALVARADO was granted a six month stay in the United States by CBP and the departure date was stamped into his visa.

19. ALVARADO purchased airline tickets to leave the United States via American Airlines flight 2241 on or about September 30, 2014. American Airlines flight manifest records indicate that ALVARADO did not board the airline. It is apparent that ALVARADO did depart the United States sometime before October 11, 2014, however there are no travel records to indicate how he did so.

20. ALVARADO purchased airline tickets to leave the United States via American Airlines flight AA1013 again on or about October 11, 2014. American Airlines flight manifest records indicate that ALVARADO did not board the airline.

21. ALVARADO purchased airline tickets to leave the United States via American Airlines flight AA1603 again on or about February 25, 2015. American Airlines flight manifest

records indicate that ALVARADO did not board the airline. No further travel records exist for ALVARADO.

22. ALVARADO's purchases of multiple airline tickets to Guatemala within the departure time provided by CBP indicate his knowledge of the requirement to leave the country. However, on multiple occasions, he failed to depart the United States, as required.

23. Most recently, he was obliged to depart the United States on or about February 28, 2015. However, he remained in the United States until present day without garnering additional permission to remain in the United States beyond his departure date. Therefore, he is illegally and unlawfully in the United States.

24. A review of Richmond Police Department records shows that both of the firearms found in ALVARADO's bedroom were fully functioning. Each of these firearms travelled in an affected interstate commerce.

25. Based on my training and experience, I submit to the Court that probable cause exists to believe that on or about July 1, 2022, in Richmond, Virginia, within the Eastern District of Virginia, Julio ALVARADO DUBON, who is illegally and unlawfully present in the United States, did possess a firearm, in violation of Title 18, United States Code, Section 922(g)(5).

DEREK M MULLINS
Digitally signed by DEREK M MULLINS
Date: 2022.08.01 22:34:05 -04'00'

Derek M. Mullins, Special Agent
United States Department of Homeland Security
Homeland Security Investigations

Sworn to and subscribed to before me this __2nd__ day of August, 2022

/s/ MRC
Mark R. Colombell
United States Magistrate Judge